```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


EDWARD OIKEMUS, JR. et al.     *
                               *
                               *
v.                             *   Civil Action No. WMN-13-3899
                               *
                               *
FIDELITY MORTGAGE SERVICES,    *
INC. et al.                    *
                               *
     *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Plaintiffs filed this action in the Circuit Court for Cecil County, Maryland, alleging various improprieties that led to a foreclosure on their residence. The case was removed to this Court on January 6, 2014. Following removal, several of the Defendants were voluntarily dismissed. After numerous extensions of time to respond to the Complaint, the remaining Defendants - HSBC Bank USA, N.A., as Trustee for Securitized Trust Renaissance Home Equity Loan Trust 2007-3; Wells Fargo Bank, N.A.; Ocwen Loan Servicing, LLC; and, Mortgage Electronic Registration Systems, Inc. (Remaining Defendants) - filed a motion to dismiss on June 6, 2014. ECF No. 28. Plaintiffs were granted an extension of time from June 23, 2014 to July 23, 2014, to respond to that motion but Plaintiffs have failed to file any opposition. The motion is thus ripe for review.

In addition to challenging the merits of each of the claims brought against them, the Remaining Defendants argue that all of those claims are barred by res judicata.  The foreclosure of Plaintiffs' home was the subject of a previous action in the Circuit Court for Cecil County, Maryland, Nadel v. Oikemus, Case No. 07C13000162.  As part of the proceedings in that action, Plaintiffs challenged the foreclosure on the ground of lack of notice and a hearing was held on that issue on October 4, 2013.  The lack of notice was the only ground asserted by Plaintiffs in challenging the foreclosure.  That challenge was rejected by the court and a Final Order of Ratification of Sale was entered by the Circuit Court.  That decision was appealed to the Maryland Court of Special Appeals.

In the instant case, Plaintiffs assert various other challenges to the foreclosure proceedings.  While cast in terms of lack of standing, fraud in the inducement, slander of title, violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Real Estate Settlement Procedures Act, and wrongful disclosure, these new challenges all arise from Plaintiffs' contention that their mortgage was improperly securitized.  In the motion to dismiss, the Remaining Defendants assert that all of these claims and defenses could have been brought in the previous action, but were not.  Therefore, the Remaining

Defendants argue, Plaintiffs' claims are all barred by the doctrine of res judicata.

Under Maryland law, a claim will be dismissed under the doctrine of res judicata where the defendant demonstrates the following: "(1) the parties in the present litigation are the same or in privity with the parties in the earlier dispute; (2) the claim presented in the current action is identical to the one determined in the prior adjudication; and (3) there has been a final judgment on the merits." Gaston v. PNC Bank, Nat. Assoc., Civ. No. 12-2343, 2013 WL 140927, at *3 (D. Md. Sept. 7, 2013).  Even if the plaintiff's legal theory differed in the earlier dispute, res judicata still may bar the current action, provided that "the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment."  Id. (citing Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009)).  Here, the Remaining Defendants, as the holders or servicers of the Note and Deed of Trust, are certainly in privity with Jeffrey and Scott Nadel, the substitute trustees and plaintiffs in the state foreclosure action.  This suit also clearly arises out of the same transaction as the state court suit.

Because the state court action is apparently still on appeal, one could argue that the judgment in the prior action in not final.  If, for that reason, this action is not subject to

dismissal under the doctrine of res judicata, it would be barred, nonetheless, by the rule against claim splitting.  Like res judicata, claim splitting "prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action." Sensormatic Sec. Corp. v. Sensormatic Elec. Corp., 452 F. Supp. 2d 621, 626 (D. Md. 2006).  "In a claim splitting case, as with the traditional res judicata analysis, the second suit will be barred if the claim involves the same parties or their privies and arises out of the same transaction or series of transactions as the first claim."  Id. (internal quotation omitted).

    For these reasons and in the absence of any opposition to the motion from Plaintiffs, the Court will grant the Remaining Defendants' motion and close this case.  A separate order will issue.


                                          _____/s/_____
                                          William M. Nickerson
                                          Senior United States District Judge


DATED:  August 28, 2014